UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 3:18-CR-80-RLJ-HBG-2 |
| LAMAR JOHNSON, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. Presently before the Court are Defendant's Motion to Exclude Prior Convictions [Doc. 22] and Motion to Exclude Statement of the Co-Defendant [Doc. 23]. Defendant's motions were filed on August 6, 2018 [Docs. 22, 23], and the Government filed responses in opposition on August 20, 2018 [Docs. 26, 27]. Accordingly, these motions are now ripe for adjudication. E.D. Tenn. L.R. 7.2.

### I.  MOTION TO EXCLUDE PRIOR CONVICTIONS

Defendant was charged on June 19, 2018 [Doc. 1], along with Codefendant Rontrell Allen, with conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(D), as well as with the possession of firearms in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c).

Defendant's first pretrial motion [Doc. 22] requests that the Court prohibit the introduction of his prior felony convictions into evidence, pursuant to Federal Rule of Evidence 609(a)(1)(B).

He further claims that the probative value of these prior convictions does not outweigh their prejudicial effect.  The Government responds [Doc. 26] that these convictions are probative of its overall case and that this determination is better reserved for the District Court, after hearing Defendant's direct testimony.  Additionally, the Government argues that Defendant was released from the Federal Bureau of Prisons ("BOP") custody less than ten years ago, and Federal Rule of Evidence 609(b) allows the admission of evidence of a conviction to be admissible within ten years of the conviction or the release, whichever is later.

Rule 609(a)(1) provides that for the purpose of "attacking a witness's character for truthfulness by evidence of a criminal conviction," evidence "must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant."  Fed. R. Evid. 609(a)(1)(B).  The Rule goes on to provide that if more than ten years have passed "since the witness's conviction or release from confinement," whichever is later, evidence of a conviction is admissible only if:

**(1)** its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and

**(2)** the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Fed. R. Evid. 609(b).  In balancing the probative value and prejudicial effect of the evidence, the Court considers "(1) the impeachment value of the prior crime, (2) the point in time of the conviction and the witness' subsequent history, (3) the similarity between the past crime and the charged crime, (4) the importance of the defendant's testimony, and (5) the centrality of the credibility issue."  *United States v. Arhebamen*, 197 F. App'x 461, 467 (6th Cir.), *cert denied*, 549 U.S. 1045 (2006).

Additionally, Rule 609(a)(2) requires the Court to admit evidence of any crime, including a felony, if the Court "can readily determine that establishing the elements of the crime" require proof of "a dishonest act or false statement." Fed. R. Evid. 609(a)(2); *United States. v. Washington,* 702 F.3d 886, 892 (6th Cir. 2012) ("A district court lacks discretion to exclude a crime of dishonesty or false statement from evidence."). In the instant case, the Government does not claim that Defendant's prior convictions constitute a dishonest act or false statement, therefore Rule 609(a)(2) does not require that the convictions be admitted.

Defendant has two prior federal convictions for felony drug offenses, as he was convicted of possession of cocaine base with intent to distribute on June 16, 2005, *see United States v. Johnson*, No. 3:04-CR-158-1 (E.D. Tenn. June 16, 2005), and was also convicted of conspiracy to distribute and to possess with the intent to distribute marijuana on April 8, 2014, *see United States v. Johnson*, No. 3:13-CR-012-1 (E.D. Tenn. Apr. 8, 2014).

Here, the Government correctly states that ten years have not elapsed since Defendant was released from custody for both convictions. For his first conviction, Defendant was sentenced on April 16, 2005 to a term of imprisonment for sixty months, as well as a term of supervised release of four years. *United States v. Johnson*, No. 3:04-CR-158-1 (E.D. Tenn. Apr. 16, 2005). Defendant was released from prison, and his period of supervised release began, on July 12, 2009. However, Defendant was then arrested on February 15, 2013. His period of supervised release was revoked, and he was sentenced to a term of imprisonment of eighteen months on April 8, 2014. This sentence was ordered to run consecutively to his subsequent conviction,[1] for a total effective sentence of thirty-six months. *United States v. Johnson*, No. 3:13-CR-012-1 (E.D. Tenn.

---

[1] Defendant was also sentenced to a term of supervised release of six years for his second conviction.

April 8, 2014). Accordingly, it has been less than ten years from Defendant's release from confinement for both convictions, and these convictions may be admissible if their probative value outweighs their prejudice to Defendant.[2]

Defendant claims that the prior convictions are prejudicial because the prior offenses are extremely similar to the current charge and that their impeachment value is low because the prior offenses did not involve dishonesty. The Government argues that the prior convictions are probative because Defendant is "accused of aiding and abetting the home invasion robbery of his co-defendant in the 2013 conviction." [Doc. 26, p. 2]. However, the Court should grant a pretrial motion to exclude evidence "only when [that] evidence is *clearly* inadmissible on *all* potential grounds." *Indiana Ins. Co. v. General Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (emphasis added). In cases where this high standard is not met, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be

---

[2] Although the Sixth Circuit has not clearly established whether Defendant's period of supervised release qualifies as "confinement" under Rule 609, the Court need not reach that issue in this case, because Defendant's release from prison for his first conviction is within ten years. In *United States v. Peatross*, the Sixth Circuit stated that:

> We have not interpreted Rule 609(b) for the purpose of determining when a witness has been released from confinement. We have commented, without being asked to decide the issue, that evidence of a prior conviction is admissible so long as less than ten years have passed since the witness was release from confinement, "or the period of his parole or probation had expired." *United States v. Gaines*, 105 F. App'x 682, 695 (6th Cir. 2004), *vacated on other grounds*, *Gaines v. United States*, 543 U.S. 1114 (2005).

377 F. App'x 477, 489 (6th Cir. 2010). However, the Sixth Circuit noted that "other circuits, who have considered the question of what constitutes confinement for the purpose of Rule 609(b), have ruled that confinement does not include time on probation." *Id.* (internal citations omitted). Alternatively, "reconfinement pursuant to [a] parole violation is confinement imposed for (the original) conviction, and the release date from the second confinement is the one used in computing time under Rule 609(b)." *United States v. Brewer*, 451 F. Supp. 50, 52–53 (E.D. Tenn. 1978) (internal quotations omitted).

resolved in proper context." *Id.* The trial judge, who can evaluate the proposed evidence in light of the testimony, is in the appropriate position to balance the probative value of the evidence against its prejudicial effect. *See Luce v. United States*, 469 U.S. 38, 41 (1984).

Accordingly, in the present case, the Court defers the question of the admissibility of Defendant's prior convictions for the District Court's determination at trial. Therefore, Defendant's Motion to Exclude Prior Convictions [**Doc. 22**] is **DENIED without prejudice** to renewal at trial. If the admissibility of Defendant's prior convictions becomes an issue at trial, the parties shall, out of the presence of the jury, advise the District Judge, so that the admissibility of the proposed evidence can be determined at that juncture.

## II. MOTION TO EXCLUDE CODEFENDANT'S STATEMENT

Relying on *Bruton v. United States*, 391 U.S. 123 (1968), Defendant asks the Court to exclude his Codefendant's statement on the basis that it's admission would violate his right to confront witnesses against him. Although Defendant has not been provided with any statements, Defendant challenges a statement he believes that his Codefendant, Rontrell Allen, made to law enforcement officers after his arrest.

The Government responds [Doc. 27] that although it may call witnesses, including Codefendant Allen, to testify about Defendant's participation in the crime, it does not anticipate using prior statements of non-testifying defendants or any *Bruton* issues with regard to Defendant Johnson. Alternatively, the Government claims that if it decides to use the Codefendant's post-arrest statement to law enforcement, the United States will redact any mention of Defendant Johnson.

"The Confrontation Clause of the Sixth Amendment guarantees the right of a criminal defendant 'to be confronted with the witnesses against him,' and this 'includes the right to cross-

5

examine witnesses.'" *Cruz v. New York*, 481 U.S. 186, 187–89 (1987) (citing *Pointer v. Texas*, 380 U.S. 400, 404 (1965)). In *Bruton*, the Supreme Court held that a defendant is deprived of that right when a codefendant's incriminating confession is introduced at their joint trial, even if the jury is instructed to consider that confession only against the codefendant. *Bruton*, 391 U.S. at 135–36. Thus, under *Bruton*, "[w]here two or more defendants are tried jointly, . . . the pretrial confession of one of them that implicates the others is not admissible against the others unless the confessing defendant waives his Fifth Amendment rights so as to permit cross-examination." *Cruz*, 481 U.S. at 190.

In *Richardson v. Marsh*, 481 U.S. 200, 208 (1987), the Supreme Court limited *Bruton* by upholding the introduction of a codefendant's statement, which was not facially incriminating to the defendant, even though the codefendant's statement became incriminating to the defendant when linked to other evidence presented at trial. The "Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when, . . . the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence." *Id.* at 211. Therefore, "[c]ases interpreting *Bruton* have found no Confrontation Clause violation where a nontestifying codefendant's statement is redacted to omit any reference to the defendant and implicates the defendant only when linked to other evidence presented at trial." *United States v. Alkufi*, 636 F. App'x 323, 334 (6th Cir.), *cert denied*, 136 S. Ct. 425 (2016) (citations omitted).

In the present case, the Court finds that Defendant's concerns about the statements of nontestifying codefendants that may be used and might not be subject to redaction are premature. First, the Government has stated that it intends to call potential coconspirator(s) of Defendant Johnson to provide direct evidence of his involvement in the charged offense, which testimony

will be subject to cross-examination by Defendant Johnson. Second, the Government contends that if it does use Codefendant Allen's post-arrest statement to law enforcement at trial, then it will redact any mention of Defendant Johnson. Therefore, the Court finds no *Bruton* issue presently exists with respect to any statement of Codefendant Allen. Defendant's Motion to Exclude Co-Defendant's Statement [**Doc. 23**] is **DENIED** as premature. However, the Court **ORDERS** the Government to disclose to Defendant any redacted statement that it intends to use at trial **seven (7) days** before trial, in order to allow Defendant time to object to the sufficiency of the redaction.

### III. CONCLUSION

Accordingly, for the reasons set forth above:

(1) Defendant's Motion to Exclude Prior Convictions [**Doc. 22**] is **DENIED without prejudice** to renew this motion in the context of the trial; and

(2) Defendant's Motion to Exclude Co-Defendant's Statement [**Doc. 23**] is **DENIED** as premature. The Government is **ORDERED** to disclose to Defendant any redacted statement that it intends to use at trial **seven days** before trial, in order to allow Defendant time to object to the sufficiency of the redaction.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge