UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | 3:18-CR-80-2 |
| LAMAR JOHNSON, | ) ) ) | |
| Defendant. | ) ) | |

**ORDER DENYING MOTIONS FOR**
**EARLY TERMINATION OF SUPERVISED RELEASE**

Before the Court are Defendant Lamar Johnson's (2) pro se Motions for Early Termination of Supervised Release [Docs. 120, 121]. On October 17, 2018, Defendant pled guilty to conspiracy to possess with intent to distribute marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(D) [*See* Doc. 38]. On March 4, 2019, the Court sentenced Defendant to forty-six (46) months' imprisonment, followed by three (3) years of supervised release [Doc. 80 at at 2-3].

After serving more than two (2) years on supervised release, Defendant moves the Court to terminate the remaining portion of his three-year term of supervision, which is set to expire on February 13, 2026 [*See* Docs. 120 at 1; 121 at 1]. In support, Defendant states that he "has demonstrated exemplary post-conviction conduct" and "exceeded all expectations set by [t]he United States Probation Office" [Docs. 120 at 2; 121 at 2]. Additionally, Defendant reports that his "residence and employment are stable" [*Id.*]. The United States Attorney's Office filed a response, asserting that Defendant "is not a good candidate for early termination," given his "classification as a Career Criminal with a criminal history category of VI" [*Id.* at 1]. The United States Probation Office informed the Court that it, too, opposes early termination.

The Court may end a term of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice" after considering "the factors set forth in" 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). 18 U.S.C. § 3583(e). Having considered the pertinent factors, Defendant's pro se motions, and the responses of the United States Attorney's Office and Probation Office, early termination of Defendant's term of supervised release is not warranted by the conduct of the Defendant nor would termination be in the interest of justice.

Defendant has served a substantial portion of his term of supervised release, but the nature of the instant offense and Defendant's criminal history militate against early termination of supervised release. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(B). The facts of the instant offense demonstrate Defendant's dangerousness. Defendant was the getaway driver during a suspected burglary in which he conspired to possess with intent to sell distribution quantities of stolen marijuana [*See* Doc. 44 ¶¶ 12, 13, 14 *sealed]. To evade capture, Defendant fled from law enforcement eventually crashing the vehicle he was driving [*See id.* ¶¶ 12, 13, 29, *sealed]. His conduct endangered himself, his codefendants in the car, law enforcement, and the public [*See id.*].

Further, Defendant has a substantial criminal history involving mostly drug offenses [*See id.* ¶¶ 40-48, *sealed]. Defendant was designated a career offender, resulting in a criminal history category of VI at sentencing [*See id.* ¶¶ 34, 46, 47, 54 *sealed]. The Presentence Report additionally reflects that this is Defendant's third federal drug conviction [*See id.* ¶¶ 46, 47, *sealed]. And Defendant committed the instant offense while on supervised release for his involvement in a "marijuana-trafficking conspiracy" [*Id.* ¶ 47, *sealed]. At bottom, Defendant's substantial criminal history and prior difficulties while on supervised release indicate that the current term of supervised release is necessary to provide adequate deterrence and protect the

public [*See id.* ¶¶ 40-48, *sealed*]. *See* 18 U.S.C. § 3553(a)(2)(B), (a)(2)(C). It appears Defendant has done well while on supervised release thus far. But compliance with the conditions of release is expected from Defendant. It does not alone warrant early termination. *See United States v. Monk*, 2023 WL 150019, at *2 (E.D. Tenn. Jan. 10, 2023) (Defendant's "compliance with his conditions of supervised release does not guarantee early termination"). Because the relevant 3553(a) factors indicate that Defendant will benefit from continued supervision, the Court **DENIES** his Motions for Early Termination of Supervised Release [Docs. 120, 121].

    SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge